UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT LEE JONES, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:16cv00196HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

## **Facts and Background**

On October 9, 2007, Petitioner entered a plea of guilty to the offense of Distribution of Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a). After a Presentence Investigation Report was prepared and provided to the

court, Petitioner was found to be a career offender and was sentenced to a within-Guidelines term of imprisonment of 188 months.

The Presentence Investigation Report found Petitioner to be a career offender under U.S.S.G. § 4B1.1(a), resulting in a Total Offense Level of 31. The convictions that were classified as career offender predicates were: (1) a crime of violence conviction for Second Degree Burglary; (2) a crime of violence conviction for First Degree Burglary; (3) a controlled substance offense of Possession of a Controlled Substance With the Intent to Distribute; and (4) a controlled substance offense of Possession of a Controlled Substance With the Intent to Distribute. The Criminal History Category was VI since he was classified as a career offender and the resulting sentencing range was 188 to 235 months.

**Petitioner's Claim**

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that his convictions for burglary were both improperly classified as a "crime of violence" and that he should not have been sentenced as a career offender.

## **Discussion**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally

vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines.

Title 18, United States Code, Section § 922(g)(1) provides that a person who has been previously convicted of a felony is prohibited from possessing a firearm or ammunition that has affected interstate commerce. Any person who unlawfully possesses a firearm in violation of this section is subject to a term of imprisonment of up to ten years. 18 U.S.C. § 924(d). However, the ACCA provides that any defendant convicted in federal court of being a felon in possession of firearms and/or ammunition *and* who has three prior felony convictions for violent felonies and/or serious drug offenses must receive an enhanced punishment of a maximum of life and a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e). A "violent felony" is defined as:

(B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that –
       (i) has as an element the use, attempted use, or threatened use of
         physical force against the person of another; or
       (ii) is burglary, arson, or extortion, involves use of explosives, *or*
         *otherwise involves conduct that presents a serious potential*

>*risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis furnished).

The remaining definitions of a violent felony remain viable for determining whether a defendant is an Armed Career Criminal. *Johnson*, 135 S.Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process… *Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.*") (Emphasis furnished).

In *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), the defendant applied for leave to file a successive petition based upon *Johnson*, seeking to extend *Johnson* and *Welch* by urging that the residual clause of the career offender provisions in the sentencing guidelines were unconstitutionally vague and that this extension should be applied retroactively to cases on collateral review. *Id.* The motion was denied and the Court concluded that "Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." *Id.*

*Donnell* forecloses the issue raised here by Petitioner, holding that defendants are not entitled to apply *Johnson* retroactively to cases on collateral review. In refusing to allow Donnell permission to file his successive 2255

4

Petition, the Court noted that "[f]or Donnell's successive motion to succeed, therefore, the post-conviction court must announce a second new rule that extends *Johnson* to the sentencing guidelines." *Id*. at * 1. The *Donnell* Court declined to find that this "second new rule" exists and denied Donnell permission to file his successive § 2255 Petition.

Considering the Court's holding in *Donnell*, Petitioner may not apply the holding of *Johnson* in a retroactive fashion to attack his career offender sentence on collateral review. He has not shown that there is a new rule of constitutional law made retroactively applicable to cases on collateral review.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th

5

Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 29th day of March, 2017.

                                    HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE